UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVER DECLUE and KATHERINE DECLUE, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED CONSUMER FINANCIAL SERVICES COMPANY,<br><br>Defendant. | Case No.: 16cv2833 JM (JMA)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Before the court is Defendant United Consumer Financial Services Company's motion to dismiss the first amended class action complaint ("FAC") of Plaintiffs Trever and Katherine DeClue. (Doc. No. 14.) Plaintiffs oppose the motion. The court finds the matter appropriate for decision without oral argument pursuant to Local Rule 7.1(d)(1) and, for the following reasons, denies Defendant's motion.

## BACKGROUND

Plaintiffs filed the FAC on February 2, 2017, alleging two causes of action: (1) negligent violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; and (2) knowing and/or willful violation of the TCPA. (Doc. No. 12.) In the FAC, Plaintiffs allege that Defendant repeatedly called Mr. DeClue on his personal

1 cell phone, which was included as part of Ms. DeClue's subscription with her service
2 provider, after Mr. DeClue revoked consent to do so. (Id. ¶¶ 13–24.) Plaintiffs allege on
3 information and belief that Defendant used an automatic telephone dialing system
4 ("ATDS") to make the calls. (Id. ¶¶ 25–29.) Plaintiffs claim that these calls invaded
5 their privacy interests, resulted in cellular telephone charges, and generally "frustrated
6 and distressed" them. (Id. ¶¶ 35–38, 44.)

7 On February 15, 2017, Defendant moved the court, pursuant to Federal Rule of
8 Civil Procedure 12(b)(1), to dismiss the FAC for lack of subject matter jurisdiction.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

There is no subject matter jurisdiction without standing, and the "irreducible constitutional minimum" of standing consists of three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff must have (1) suffered an injury in fact, (2) which is fairly traceable to the challenged conduct of the defendant, and (3) which is likely to be redressed by a favorable judicial decision. Id. at 560–61. "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) (internal quotations and alterations omitted).

A party may make either a facial or factual attack on subject matter jurisdiction. See, e.g., Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). In resolving a facial challenge, as Defendant makes here, the court considers whether "the allegations contained in [the] complaint are insufficient on their face to invoke

federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court must accept the allegations as true and must draw all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

## DISCUSSION

Defendant argues that Plaintiffs lack standing because they have not suffered a concrete injury fairly traceable to the alleged TCPA violation. The crux of Defendant's argument is that because Plaintiffs would have suffered the same harm had Defendant dialed the phone "manually—with a rotary phone, even—rather than through an ATDS[,] [t]he alleged harm is not sufficiently connected to the alleged violation to satisfy Article III's requirements for standing." Or, "[p]ut differently, regardless of how the calls were placed, the DeClues would have suffered the same injuries that they allege. Those injuries are thus insufficient to confer standing." Defendant focuses its argument almost entirely on two cases arising out of another court[1] in this district: Romero v. Department Stores National Bank, 199 F. Supp. 3d 1256 (S.D. Cal. 2016), appeal docketed, No. 16-56265 (9th Cir. Aug. 31, 2016), and Ewing v. SQM US, Inc., 2016 WL 5846494 (S.D. Cal. Sept. 29, 2016).

In Romero, the court began from the premise that "[a] plaintiff cannot have suffered an injury in fact as a result of a phone call she did not know was made." 199 F. Supp. 3d at 1262. The plaintiff alleged that the defendant debt collector had called her cell phone over 290 times in a six-month period, but she only answered the call on two occasions, and she was often unaware the defendant was calling. Id. The court found that even when the plaintiff heard the phone ring or actually answered the calls, however, she did "not offer any evidence of a concrete injury caused by the use of an ATDS, as opposed to a manually dialed call." Id. Any injury the plaintiff suffered was therefore

---

[1] This is despite Defendant's repeated assertion that these cases were decided by "this Court." (See, e.g., Doc. No. 14-1 at 4, 7; Doc. No. 17 at 3.)

3

16cv2833 JM (JMA)

not because the defendant used an ATDS in violation of the TCPA, but because she was being contacted by a debt collector. Id. In other words, the plaintiff "would have been no better off" had the defendant "dialed her telephone number manually." Id. at 1265. Around one month later, the court employed the same reasoning in Ewing. See 2016 WL 5846494, at *2–4.

By relying almost exclusively on Romero and Ewing, Defendant ignores the overwhelming weight of authority that contradicts those cases. In fact, almost every court to discuss Romero has rejected its analysis. For example, in LaVigne v. First Cmty. BancShares, Inc., 2016 WL 6305992, at *6 (D.N.M. Oct. 19, 2016), the court observed that Romero "is an outlier in holding that a violation of the TCPA is a bare procedural violation and that some additional harm must be shown to establish standing." "Under [Romero's] rather draconian analysis, a plaintiff would find it almost impossible to allege a harm as a result of these robocalls." Id. The court in LaVigne described Romero as conflating the means through which the defendant allegedly violated the TCPA with the harm resulting from that alleged violation. Id. at *7.

This court also respectfully disagrees with Romero. "There is no legal rationale for [Defendant's] argument under an Article III analysis: either a plaintiff shows a concrete and particularized harm for Article III standing because of telemarketing calls, or she does not." LaVigne, 2016 WL 6305992, at *6; see also Lemieux v. Lender Processing Ctr., No. 16cv1850 BAS (DHB), 2017 WL 1166430, at *3–5 (S.D. Cal. Mar. 29, 2017) (rejecting the reasoning of Romero); Mbazomo v. Etourandtravel, Inc., 2016 WL 7165693 (E.D. Cal Dec. 8, 2016) (stating that Romero "improperly erodes" federal pleading standards, as a plaintiff "need not establish the entirety of their case in chief in a complaint"); Mohamed v. Off Lease Only, Inc., 2017 WL 1080342, at *3 (S.D. Fla. Mar. 22, 2017) ("I respectfully disagree with the Romero and Ewing decisions.").

At this stage, whether or not Defendant could have made the same call manually does not bear on the existence of the injury. Were it to the contrary, every defendant could escape TCPA liability by declaring that it has the capacity to manually dial the

phone as many times as the plaintiff was called. Once done, no plaintiff could allege "a concrete injury caused by the use of an ATDS, as opposed to a manually dialed call" as Romero would seem to require. See 199 F. Supp. 3d at 1262. For now, it is the mere fact of the calls that allows a plaintiff to plead an injury sufficient to confer standing. See Ung v. Universal Acceptance Corp., 198 F. Supp. 3d 1036, 1039–40 (D. Minn. 2016). Any factual issue regarding the manner in which the calls were placed should be resolved on summary judgment or at trial, based on the available evidence, "but are not appropriate for the threshold stage of jurisdictional dismissal based on standing." Cabiness v. Educ. Fin. Sols., LLC, 2017 WL 167678, at *2 (N.D. Cal. Jan. 17, 2017).

Regardless, Plaintiffs did in fact allege harm that could only arise from the use of an ATDS. The FAC alleges that Defendant "used automatic dialer technology to not only initiate the calls, but also to 'spoof' its number," making it more likely that Mr. DeClue would answer the call because it appeared to originate from his own area code. (Doc. No. 12 ¶¶ 26–27.) In sum, Plaintiffs have demonstrated "traceability, i.e., a causal connection between the injury and the actions complained of." Easter v. Am. W. Fin., 381 F.3d 948, 961 (9th Cir. 2004).[2]

Separate from the traceability issue discussed above, courts deciding the issue post-Spokeo have continued to consistently find that the receipt of phone calls in

---

[2] Given Plaintiffs' allegation "[o]n information and belief" that Defendant called Plaintiffs' cell phone using an ATDS and that "[d]uring at least one of these calls, Plaintiff Trever DeClue heard an automated voice which stated, 'Please hold for a representative,' (see Doc. No. 12 ¶¶ 27–28), Plaintiffs have adequately alleged Defendant's use of an ATDS. Recognizing that the defendant is in sole possession of information regarding the type of equipment used to place the call, courts have allowed minimal allegations that the defendant used an ATDS. See Maier v. J.C. Penney Corp., Inc., No. 13cv163 IEG (DHG), 2013 WL 3006415, at *3 (S.D. Cal. June 13, 2013) (citing In re Jiffy Lube Int'l, Inc. Text Spam Litig., 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012)); Thomas v. Dun & Bradstreet Credibility Corp., 100 F. Supp. 3d 937 (C.D. Cal. 2015); Lofton v. Verizon Wireless (VAW) LLC, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015).

violation of the TCPA is a concrete injury sufficient to constitute standing. See, e.g., Juarez v. Citibank, NA, 2016 U.S. Dist. Lexis 118483, at *8 (N.D. Cal. Sept. 1, 2016) ("Even a single phone call can cause lost time, annoyance, and frustration."); Cour v. Life360, Inc., 2016 WL 4039279, at *6 (N.D. Cal. July 28, 2016) (holding that the plaintiff's allegation of invasion of privacy from the defendant's violation of the TCPA was sufficient concrete injury); Cabiness, 2016 WL 5791411 at *5 (stating that "unlike a statutory violation of the FCRA [as alleged in Spokeo] which may result in no harm, a statutory violation of [the TCPA] inherently presents a risk of real harm, even if that harm is difficult to prove or measure such that the statutory violation is sufficient on its own to constitute injury in fact"); Booth v. Appstack, Inc., 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) (finding that, in contrast to the facts of Spokeo, TCPA violations alleged, if proven, required plaintiffs to waste time answering or otherwise addressing widespread robocalls); Krakauer v. Dish Network, LLC, 168 F. Supp. 3d 843, 845 (M.D.N.C. 2016) ("Telemarketing calls made in violation of the . . . TCPA are more than bare procedural violations; . . . [t]hese calls form concrete injuries because unwanted telemarketing calls are a disruptive and annoying invasion of privacy."); A.D. v. Credit One Bank, N.A., 2016 U.S. Dist. Lexis 110393, at *17–18 (N.D. Ill. Aug. 19, 2016) (stating that the TCPA directly forbids activities that by their nature infringe the privacy-related interests that Congress has sought to protect, and therefore a violation of this substantive right is sufficient to constitute a concrete, de facto injury).[3]

      This court agrees. Consequently, Plaintiffs have demonstrated each element of standing under Lujan and Spokeo.

///
///

---

[3] Even the Ninth Circuit held, post-Spokeo, that the receipt of unsolicited text messages in violation of the TCPA is a concrete injury in fact. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017).

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motion to dismiss the FAC. Defendant has ten days from the date of this order to answer the FAC.

IT IS SO ORDERED.

DATED: April 19, 2017

_____
JEFFREY T. MILLER
United States District Judge